83,183-01

5-21-15

To whom it may concern I Darrell Lee Jackson TDCJ# 1649186 was writing to the court of Criminal Appeals of Texas to let you all Know I recieved your postcard stating that you have recieved my Writ of Habeas Corpus. Im so glad because I was always recieving denial letters from Bexar County so I didn't Know you all had recieved it. I know I didn't have to write once you've recieved the Writ, but I didn't Know if they had sent you all the paperwork stateing my point of arguement, so I wanted to send it to you if it wasn't a problem. With that being said here is the document.

Thank you for your time

Sincerely yours,

Darrell Jackson

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 28 2015

Abel Acosta, Clerk

## PLEA BARGAIN

I, the undersigned Defendant, together with my counsel and counsel for the State, agree that in exchange for the Defendant's agreement to plead guilty or nolo contendere, to allow the State to prove its case by means of written stipulations. The State may make recommendations regarding punishment; however, it is understood by all that even in the event the parties agree to recommend specific conditions and terms of community supervision or deferred adjudication or the length of supervision that such recommendations are not part of the formal plea agreement and are not binding on the Court. All parties understand and agree that the terms, conditions and length of supervision of community supervision or deferred adjudication are to be determined and assessed solely within the Court's discretion. It is further understood and agreed by the parties that in the event the Court assessed terms, conditions and or a length of supervision of community supervision or deferred adjudication different from those agreed to by the parties, that such difference shall not constitute grounds for setting aside the Defendant's plea in this cause. **If the court grants deferred adjudication, the State does not recommend any term of years as part of the plea agreement. All parties agree that if deferred adjudication is subsequently revoked, Defendant may be sentenced to any term of years within the range of punishment provided by law for this offense.**

It is mutually agreed and recommended by the parties:

_____Prosecution to proceed only on Count(s) _____Prosecution for lesser included offense of _____

_____Defendant agrees that he has been previously convicted of one/two or more felonies for enhancement under 12.42 P.C.

_____Class A Misdemeanor punishment with State jail Felony Conviction under 12.44 P.C.

___X__Punishment to be assessed at ___8_____ years

___X__Fine $__1500_____

_____Affirmative Finding of Deadly Weapon or 3G offense, Defendant not eligible for supervision under CCP 42.12,Sec.3

__X___There is no application for community supervision/deferred adjudication.

_____State will make no recommendation of Defendant's deferred adjudication/community supervision application. State reserves right to speak as to factual issues relevant to Defendant's punishment.

_____State opposes community supervision/deferred adjudication.

_____State recommends community supervision.

_____State recommends deferred adjudication.

__X___ Concurrent with: ___2014CR2210_____

__X___Causes taken into consideration: _____NM 226830 (felon in poss)_____

_____Restitution to be determined by the Court through the Community Supervision office or $_____

_____Payable to victim in this cause number only: _____

_____Payable to victims under: _____

_____Other: _____

## WAIVER OF APPEAL

I understand that upon my plea of guilty or nolo contendere, where the punishment does not exceed that recommended by the prosecutor and agreed to by me, my right to appeal will be limited to only: (1) those matters that were raised by written motion filed and ruled on before trial, or (2) other matters on which the trial court gives me permission to appeal. I understand that I have this limited right to appeal. However, as part of my plea bargain agreement in this case, I knowingly and voluntarily waive my right to appeal under (1) and (2) in exchange for the prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement. In addition, if and when I am sentenced to the Texas Department of Criminal Justice on this case, I hereby request transfer to said institution.

| | | |
|---|---|---|
| _____ | DATE 8/6/14 | _____ |
| DEFENDANT | | COUNSEL FOR DEFENDANT |

The above terms constitute our agreement, and there are no agreements not set forth above. The Defendant and Counsel request the Court to follow the plea bargain.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| ASSISTANT DISTRICT ATTORNEY | ATTORNEY FOR DEFENDANT | DEFENDANT |

NOTE: The parties are not allowed to make binding agreements regarding the length of community supervision or the terms and conditions of community supervision, which are totally dependent upon the Court's discretion. The following recommendations do not constitute part of the formal plea agreement. However, the (State) (both parties) make the following non-binding recommendations:

_____Community Supervision be granted for_____ years

_____Treatment Alternative to Incarceration Program          _____Days in Bexar County Jail or State Jail (circle one)

_____Hours Community Service          _____Substance abuse treatment facility

_____Days Electronic Monitoring          _____Zero Tolerance Bootcamp or State Bootcamp Program (circle one)

_____No contact with _____

Other Punishment recommendations: _____

_____

_____